UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

GARY GILLARD,

                Plaintiff,

v.                                         **DECISION AND ORDER**
                                                    12-CV-335S

KATHLEEN WASHBURN, BELENA KRUSEN,
and THOMAS R. GRIFFIN,

                Defendants.


## I. INTRODUCTION

1.     Plaintiff Gary Gillard, proceeding *pro se* and *in forma pauperis*, commenced this action pursuant to 42 U.S.C. § 1983, alleging that while he was incarcerated at Southport Correctional Facility, Defendants violated his rights by interfering with his legal mail. Presently before the Court is Defendants' motion to dismiss the complaint, (Docket No. 9), and Plaintiff's motion for the return of filing fees. (Docket No. 13.)

2.     The Court concludes that dismissal is warranted due to Plaintiff's failure to prosecute this case and comply with the scheduling orders related to this motion. See Fed. R. Civ. P. 41(b). Rule 41(b) dismissals are harsh remedies, and courts should be especially hesitant to dismiss for procedural deficiencies where *pro se* litigants are involved. Spencer v. Doe, 139 F.3d 107, 112 (2d Cir. 1998); see Yadav v. Brookhaven Nat'l Laboratory, 487 Fed. Appx. 671, 672 (2d Cir. 2012). Nonetheless, despite being granted two extensions and being expressly warned of the possibility of dismissal, Plaintiff has not responded to Defendants' motion in over six months. The Court finds it notable that Plaintiff has shown no problems in otherwise consistently communicating with the Court

during the past six months on other matters, including updating his address and requesting the return of filing fees. Plaintiff's motion for yet another extension (Docket No. 17) is also denied, inasmuch as this Court has already informed Plaintiff that no further extensions would be granted. (Docket Nos. 14, 16.)

3.      Moreover, Defendants have established that they are entitled to dismissal of the Complaint.  Plaintiff alleges that there was improper interference with his legal mail in March 2012 that resulted in a denial of access to the court system.  He fails, however, to allege that any of the named Defendants were personally involved with that interference. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (a defendant's personal involvement in an alleged constitutional deprivation is a prerequisite to damages under § 1983); Tafari v. McCarthy, 714 F. Supp. 2d 317, 348 (N.D.N.Y. 2010).  Indeed, the allegations in the Complaint specifically mention only Defendant Washburn, and it is alleged that her involvement began *after* the interference resulted in Plaintiff missing a court deadline. (Compl. ¶13, Docket No. 1.)

4.      Finally, the merits of Plaintiff's motion for the return of filing fees (Docket No. 13) have already been addressed.  Plaintiff filed an identical motion in the Northern District, and he has received relief from that court. Matter of Gillard, No. 1:13-MC-13 (LEK), 2013 WL 474353 (N.D.N.Y. Feb. 7, 2013.).  Judge Kahn's decision and order on Plaintiff's motion expressly considers fees related to the present action. Id. at *2. The motion before this Court is therefore moot and must be dismissed.

IT HEREBY IS ORDERED that Plaintiff's case is dismissed for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

SO ORDERED.

Dated: March 29, 2013
       Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Judge